UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTO A. CHAGOYA, JR., <br><br> Plaintiff, <br><br> v. <br><br> INDIANA STATE PRISON, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-148-JD-MGG |

OPINION AND ORDER

Justo A. Chagoya, Jr., a prisoner without a lawyer, filed a motion for a temporary restraining order and preliminary injunction to prevent a change in where he is housed at the Indiana State Prison. ECF 2. But he did not file a complaint as required to begin a civil action. S*ee* Fed. R. Civ. P. 3. He also did not pay the filing fee or file a motion to proceed in forma pauperis, which would allow him to proceed without paying the full filing fee up front. Because he is representing himself, the court has a duty to construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Therefore, the court considered whether the motion could be construed as a complaint. However, even liberally construed, the motion for a preliminary injunction does not contain enough information to state a claim upon which relief may be granted. Therefore, the motion will be denied, and

Chagoya will be given the opportunity to file a complaint that contains more details about the harm he alleges will happen if he is moved.

Chagoya filed this motion to prevent a transfer that he says will harm him. Specifically, he alleges that he is seventy years old, and each time he is put in a lower level, the younger offenders assault him. Additionally, Chagoya says that he owns a cat where he is currently housed. If he is moved, they will be separated, which will cause both him and the cat severe distress.

Although the court is sympathetic to the bond Chagoya has with his cat, there is no constitutional right for a prisoner to remain in a certain part of a prison or for a prisoner to remain in a particular program, like the cat adoption program at Indiana State Prison.[1] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000) (no constitutional right to participate in prison programs). Therefore, Chagoya's desire to avoid being moved or being separated from his cat cannot provide a basis for the court to get involved in the prison's decision to move him.

Prisoners, however, do have a right under the Eighth Amendment to be protected from violence while incarcerated. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect

---

[1] *See* Associated Press, *Cats adopted by Indiana inmates*, NBC NEWS, Sept. 13, 2004, https://www.nbcnews.com/id/wbna5988594 (last visited Mar. 1, 2022).

2

claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Chagoya does not provide enough information about the nature of the risk he faces to state a claim for failure to protect. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations and footnote omitted). Chagoya does not say where he is being transferred or explain the basis for his fear. He states only that "every time the Department of Corrections puts me in a lower level the young kids assault me and I have to fight for my life." ECF 2-1 at 2. The existence of an unspecified number of attacks at unspecified times in the past does not allow a reasonable inference that Chagoya will be in danger following *this* move. General statements that a prisoner fears being attacked, or wants to be moved elsewhere, are insufficient unless the prisoner describes who is threatening him and the basis for the threat. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Chagoya's age could be a "particular vulnerability" that makes him a target. *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (quoting *Brown*, 398 F.3d at 915). But he

3

needs to explain why the steps the prison will take to keep him safe at a lower level are constitutionally inadequate.

Therefore, even construing the motion as a complaint, Chagoya has not stated a claim that could allow this case to proceed. Unless he can state a claim related to his impending transfer, he will not be able to proceed on seeking a preliminary injunction because one important factor when deciding a preliminary injunction is the likelihood that the movant will succeed on the merits of the underlying constitutional claim. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). This means the court must deny the motion for a temporary restraining order and preliminary injunction. If Chagoya believes he can state a claim based on (and consistent with) the events described in his motion, he may file a new complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

In addition, Chagoya needs to resolve his filing fee status. If he wants to continue this lawsuit, he must either pay the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) DENIES the motion (ECF 2);

(2) GRANTS Justo A. Chagoya, Jr., until **April 5, 2022**, to file a complaint and resolve his filing fee status;

(3) CAUTIONS Justo A. Chagoya, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current filing does not state a claim for which relief can be granted; and

(4) CAUTIONS Justo A. Chagoya, Jr., that even if the case is dismissed, he will still have to pay the filing fee over time through automatic deductions from his prison trust fund account.

SO ORDERED on March 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT